## Gilbert, Superintendent, et al. v. Brock.

(Decided April 17, 1917.)

Appeal from Madison Circuit Court.

1. Schools and School Districts—County Superintendents of Schools —Qualification.—Under section 4399 of the Kentucky Statutes, a certificate of qualification is equivalent of a state certificate in all respects, including the term of its duration.

2. Schools and School Districts—County Superintendent of Schools —Qualification.—Section 4399 of the Kentucky Statutes provides that a candidate for the office of county superintendent of common schools shall hold a state diploma or a state certificate which

will not expire during his proposed term of office, and section 4503 provides that a state certificate may be renewed at the expiration of eight years if it shall not have been revoked and if the holder shall not have failed for two consecutive years to be engaged in active school work, and that in no case shall it be valid for a period longer than sixteen years. Held, that a candidate holding such certificate shall be eligible for election to such office unless the sixteen years will expire during his term of office.

M. M. LOGAN, Attorney General, for appellants.

JOHN NOLAND and J. J. GREENLEAF for appellee.

OPNION OF THE COURT BY JUDGE CLARKE—Affirming.

The sole question presented by this appeal is, whether or not county superintendents of common schools, now in office, holding either a state certificate or a certificate of qualification issued by the State Board of Examiners in 1913, are eligible for re-election, as holders of said certificates, or whether they must undergo another examination and procure new certificates, to make them eligible.

Section 4399 of the Kentucky Statutes, which was enacted by the Kentucky Legislature in 1912, and re-enacted in 1916, provides, in part, that:

"No person shall be eligible to the office of county superintendent unless he shall hold from the State Board of Examiners, a state diploma or a state certificate which will not expire during his proposed term of office; or a certificate of qualification which shall in all respects, be the equivalent of a state certificate issued by the State Board of Examiners, on a personal examination held at the State Capitol on the last Friday and Saturday in May and June next preceding the election of county superintendents. . . . No person shall be eligible to hold the office of county superintendent excepting such county superintendents as are now in office and such persons as have obtained a state diploma or state certificate issued by the State Board of Examiners or a certificate as is herein provided for."

Section 4503 of the statutes providing how these certificates may be obtained, is, in part, as follows:

"If the answers are deemed sufficient, and the recommendation of the county board of examiners is favorable, the State Board of Examiners may issue a certificate, which shall entitle the holder to teach in any school of

the state for a period of eight years, unless revoked by the Superintendent of Public Instruction, or unless the holder shall fail for two successive years to be engaged in active school work. At the expiration of the time for which it was granted, if it shall not have been revoked by the Superintendent of Public Instruction, and if the holder shall not have failed for two successive years to be engaged in active school work, a state certificate may be renewed for another eight years by the State Board of Examiners, without additional fee, provided the county board of examiners for the county where the holder at the time resides recommends the renewal of said certificate, stating that the applicant is of good moral character, and that said applicant has not failed for two successive years to be engaged in active school work. In no case shall any state certificate be valid for a period longer than sixteen years.''

It will first be observed, that section 4399 of the statutes provides, that a certificate of qualification shall be, in all respects, the equivalent of a state certificate issued by the State Board of Examiners, and the parties to this litigation construe differently this provision, appellant construing it to mean, that certificates of qualification shall be equivalent to state certificates in all respects, including the term of duration, while appellees insist, that it means only, that certificates of qualification shall be the equivalent of state certificates in the matter of the applicant's qualification to teach and are not limited in their duration as are the state certificates.

This contention of appellees is not tenable, because the statute says, that the certificates of qualification shall be, in all respects, the equivalent of the state certificate, and this can mean only, that the two certificates shall be equivalent, in all respects, including the period of their duration.

2. This reduces the question before us to the simple proposition of determining the period of duration of the state certificates. Section 4503 of the statutes provides, that a state certificate shall be effective for eight years, unless revoked by the Superintendent of Public Instruction, or unless the holder shall fail for two successive years to be engaged in active school work, and it provides further, that, at the expiration of the eight years, this certificate may be renewed by the State Board of Examiners, upon condition that the board of examiners for the county of the holder's residence recommends its

renewal, stating that the holder of the certificate is of good moral character and has not failed, for two successive years, to be engaged in active school work.

It is clear, from this provision, that it was the intention of the legislature, that the original certificate granted to the applicant should, upon the conditions depending upon his behavior and his occupation, be effective for, not a period of eight years, but a period of sixteen years, subject, however, to revocation, at any time, for misbehavior or failure for two successive years to be engaged in active school work. That it was the intention of the legislature to exempt the holder of a state certificate from a new examination and the payment of an additional fee, for a period of sixteen years, rather than eight years, is made clear by the further provision of section 4503, that, in no case, shall any certificate be valid for a period longer than sixteen years. That the certificate might be invalidated at the end of the eight years, or at any time, by the holder's misbehavior, or by his abandonment of active school work for two successive years, does not affect the term for which the certificate is valid, except as the result of delinquencies upon the part of the holder. The privileges granted by the certificate are not terminated at the end of eight years any more than they are liable to be terminated at any time, and the reasons that may invalidate the certificate at the expiration of eight years are the same that may invalidate it at any other time, and its invalidation at all times under sixteen years from its issuance depends upon the acts of the holder. It is, therefore, plainly his option to continue in force for a period of sixteen years a state certificate, or its equivalent, a certificate of qualification, neither of which expires until the end of sixteen years, although either may be sooner forfeited by him.

Since a candidate for office of county superintendent of common schools, to be eligible, must hold either a state diploma, which is for life, a state certificate, or a certificate of qualification, that will not expire within the term for which he is a candidate, if he procure either a state certificate or a certificate of qualification within the year of and preceding his election, he would be required to procure a new state certificate, or a certificate of qualification, before he can be re-elected to succeed himself, if this certificate can be said to expire within eight years, and the effect would be that such certificates, when held by county superintendents, are good for only

four years, which certainly was not the intention of the legislature.

The judgment of the lower court, being in conformity with this opinion, is affirmed.